IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JASON L. REED,

                Plaintiff,           OPINION AND ORDER

v.

                                     19-cv-189-wmc

C.O. MEYERS, C.O. WHITE,
SGT. GLICK, LEE, DRONE, and
KRAMMER,

                Defendants.

*Pro se* plaintiff Jason Reed is currently incarcerated at the Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin. Under 42 U.S.C. § 1983, he was previously granted leave to proceed in this lawsuit on claims of deliberate indifference in violation of his Eighth Amendment rights related to events leading up to a self-harm incident, in which he cut his own arm with a nail clippers. (Dkt. #17.) In particular, he claims that: (1) Correction Officers Meyers and White, as well as Sergeant Glick, failed to respond appropriately to his threats of self-harm; and (2) Nurses Lee, Drone and Krammer failed to refill a prescription for psychotropic medication to treat his depression. Now before the court is a motion for partial summary judgment on the grounds that plaintiff Reed failed to exhaust his administrative remedies with respect to his deliberate indifference claim against defendants Meyers, White and Glick. (Dkt. #35.) Also before the court are plaintiff's motions for assistance in recruiting counsel. (Dkt. ##23, 39.) For the reasons that follow, the court must grant defendants' motion and deny plaintiff's motions without prejudice.

OPINION

I.  **Defendant's Motion for Partial Summary Judgment**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must also "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including: (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Accordingly, if a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Moreover, "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

In Wisconsin, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving

rise to the complaint. Wis. Admin. Code § DOC 310.07. The inmate complaint must "clearly identify the issue" that the inmate seeks to raise. *Id.* § 310.07(5). Here, defendants seek partial summary judgment with respect to Reed's claim against Meyers, White and Glick on the ground that the only inmate complaint Reed filed following his October 2, 2018, self-harm incident -- WSPF-2018-21157 -- did *not* alert prison officials to his claim that these defendants ignored his threats of self-harm.

In WSPF-2018-21157, Reed wrote that "prison officials" violated his Eighth Amendment rights, "causing an undue delay dispensing" his psychotropic medication. (Davidson Decl., Ex. 1001 (dkt. #37-2) 11.) Reed further identified multiple Health Service Unit ("HSU") staff, including defendants Lee, Drone and Krammer, who he informed about the delay in receiving his medication refill, which resulted in severe mental anguish. Specifically, Reed alleged:

> On 9-21-18 I requested a refill for my psychotropic medication (Bupropion). After not receiving it immediately, I began to express my concern to HSU staff (Lee, Drone, Krammer) that I was not receiving my psych meds and I was having severe mental anguish. Each HSU staff member told me that there was nothing they could do and offered no further explanation about tendering my medication or mental anguish. This delay caused my mental anguish to be untreated and so severe that on 10-2-18 I began to engage in self harm by means of cutting. I was taken to clinical observation, and on 10-3-18 I was then provided my psychotropic meds.

(*Id.*) That complaint was affirmed after investigation revealed that Reed's Bupropion prescription was, in fact, delayed. (*Id.* at 8.)

Accordingly, there is no dispute that Reed followed Wisconsin's procedures with respect to this inmate complaint. Instead, defendants maintain that Reed's allegations did not identify, much less "clearly identify," Correction Officers Meyers', White's or Glick's

3

alleged failure to protect him from self-harm on October 2, 2018. Reed dispute this, claiming that his use of the phrase "prison officials" provided adequate notice of his claims involving Meyers, White and Glick, and to the extent Reed is asserting that he did not need to name Meyers, White or Glick specifically in his inmate complaint, the court agrees. Wisconsin's grievance procedures do *not* require inmates to provide the name or even a description of the individuals involved in their grievance. *See Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (reversing grant of summary judgment and explaining that an inmate need not provide the names or descriptions of defendants in a grievance).

However, to afford prison officials adequate notice of and opportunity to investigate his claim that staff ignored his threats of self-harm -- rather than just his need for medication refill -- Reed at least needed to allege facts suggesting that prison officials ignored his threats of self-harm. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (to satisfy the exhaustion requirements, inmates must alert "the prison to the nature of the wrong for which relief is sought"). –Here, Reed did not allege in his inmate complaint that he threatened self-harm to *any* prison officials at any time, much less on October 2. This failure unquestionably prevented prison officials the chance to investigate whether staff were aware of, and deliberately ignored, his threat of self-harm.

Finally, Reed appears to suggest that the "one issue" limitation in the Wisconsin grievance system somehow prevented him from exhausting his claim that Meyers, White and Glick (or any other prison official) ignored his threats of self-harm. But if that was the reason Reed failed to include allegations about the correctional officer's handling of his threats of self-harm in his original claim, Reed fails to explain what prevented him from

4

filing a separate, second inmate complaint providing proper notice of that claim. Indeed, while Wisconsin Administrative Code § DOC 310.07(7) sets a limit for inmate complaints to one per calendar week, there are two explicit exceptions: (a) complaints regarding the inmate's health and personal safety; and (b) complaints made under the Prison Rape Elimination Act. *Id.* Certainly, both of Reed's complaints about the events leading up to the October 2, 2018, self-harm incident related to his health and personal safety, so Reed would have been able to avail himself of that exception to the default rule limiting inmates to one complaint per week. And to the extent § DOC 310.07(7) somehow confused Reed -- and there is no such evidence in the record -- any confusion would not excuse Reed's failure to submit his threat of self-harm claims 14 days after his original complaint about the October 2, 2018, incident, meaning that he could still have filed two timely inmate complaints.

Accordingly, the court will grant defendants' motion for partial summary judgment and dismiss plaintiff's claims against defendants Meyers, White and Glick without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although this dismissal likely functions as one with prejudice, since it would be too late for Reed to exhaust his claims against them now. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

**II.     Motions for assistance in recruiting counsel**

Reed also seeks the court's assistance in recruiting counsel because he has a mental disability, he is not a lawyer and unfamiliar with the legal principles governing his claims, and because the limits of his incarceration make litigating this case and engaging in discovery extremely challenging. Unfortunately, civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). Even so, the court may use its discretion to determine whether to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico.") Moreover, Reed is proceeding in forma pauperis, so he's eligible for recruitment of counsel.

Before deciding whether to recruit counsel, however, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Reed does not represent that he has even attempted to recruit an attorney on his own, so the court must deny his motions without prejudice for that reason alone. Moreover, before renewing his request for assistance in recruiting counsel, Reed should be aware that this court typically requires a *pro se* plaintiff seeking the court's assistance in recruiting counsel to submit letters from at least three attorneys declining to represent him, or in the absence of such letters, the plaintiff must submit an affidavit signed under penalty of perjury under 28 U.S.C.

§ 1746 that describes who he contacted, when he contacted them, and any response he received.

Additionally, Reed should be aware that the court will not recruit counsel for him unless there is evidence in the record indicating that he is incapable to litigating this case without an attorney.  *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself").  Here, Reed has shown that he understands the legal standards governing his Eighth Amendment claims and the facts material to his claims, as well as that he is capable of mounting a defense to defendants' motion for partial summary judgment, both through argument and marshalling evidence.  That defendants' motion succeeded does not militate in favor of recruiting counsel for Reed.

Accordingly, the court will deny Reed's motions for assistance in recruiting counsel without prejudice to renewal, should this case proceed to trial **and** Reed can explain with greater specificity what special challenges he faces that warrant recruitment of counsel over other *pro se* litigants.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment (dkt. #35) is GRANTED. Plaintiff's Eighth Amendment claims against defendants Meyers, White and Glick are DISMISSED without prejudice.

2. At the close of this case, the clerk of court is directed to enter judgment in favor of those defendants.

3. Plaintiff Jason Reed's motions for assistance in recruiting counsel (dkt. ## 23, 39) are DENIED without prejudice.

4. Plaintiff's motion for reconsideration (dkt. #43) is DENIED.

Entered this 11th day of February, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge